**In re Kenneth John SKVORECZ, Debtor.**

**No. 06–12278 ABC.**

United States Bankruptcy Court, D. Colorado.

May 11, 2007.

John Turner, Colorado Springs, CO, for Debtor.

### ORDER DENYING U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE UNDER 11 U.S.C. § 707

A. BRUCE CAMPBELL, Bankruptcy Judge.

The United States Trustee ("UST") filed a Motion to Dismiss Chapter 7 case under 11 U.S.C. § 707(b)(1) and (2) ("Motion"). The UST filed his Motion arguing that: (1) calculations in Debtor's Form B22A, (Statement of Current Monthly Income and Means Test Calculation For Use In Chapter 7 Only) ("Form B22A") raise the presumption of abuse created by section 707(b)(2); (2) Debtor has not rebutted that presumption by showing any "special circumstances;" and (3) accordingly, this case should be dismissed.

Debtor responded to the UST's Motion asserting that his Chapter 7 case should not be dismissed as an abuse of Title 11 because, under his circumstances, little or nothing is gained by forcing him to pro-ceed under another chapter of Title 11. If he converts his case to a Chapter 13 case, as this Debtor maintains he is entitled to under section 706(a), the amounts he contributes to his 401(k) pension plan and to repay a loan to his pension plan, would be deducted from his "current monthly income" in Form B22C thereby negating any excess income available to pay his unsecured creditors. He also argues that he does not have sufficiently regular income to fund a plan and that he and his family have gone through severe health, emotional, and marital problems and have been victims of serious crimes, thereby creating "special circumstances" to rebut the presumption of abuse under section 707(b)(2).

On September 20, 2006, the Court convened a status hearing to determine the scope of the objections and to set the matter for evidentiary hearing as needed. At that time, the Court set an evidentiary hearing for December 12, 2006. On the day of the hearing, the parties advised the Court that they would file a Joint Statement of Stipulated Facts Re: The United States Trustee's Motion to Dismiss Chapter 7 Case Under 11 U.S.C. § 707(b)(1) and (2) ("Joint Stipulation of Facts") and did so on December 13, 2006. The parties agreed that the stipulated facts were sufficient for the Court to be able to determine the UST's Motion. Consequently, the Court heard oral argument from counsel and took the matter under advisement.

In their Joint Stipulation of Facts, the parties agree: (1) to use the Form B22A prepared by the Office of the United States Trustee; (2) that debtor has "a 401(k) pension plan with a monthly contribution of $380.00 and a 401(k) loan repayment of $284.17;" and (3) in a Chapter 13, Debtor would be allowed to deduct from the calculation of his current income his repayment of the 401(k) loan and the 401(k) pension contribution resulting in a

zero dollar distribution to unsecured creditors.[1]

The essence of the Debtor's argument is that the Congressional purpose behind section 707(b), to require repayment of debts when a debtor is able to, would not be served by his converting to Chapter 13. In a case under Chapter 13, he would not be required to pay his general unsecured creditors anything due to certain provisions of the Code added by Congress when it passed the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). A Chapter 13 debtor is required to commit only future "disposable income" under a plan to pay general creditors. 11 U.S.C. § 1325(b). Section 1322(f) of the Bankruptcy Code,[2] a BAPCPA amendment, excludes from the definition of "disposable income" in section 1325 amounts deducted from an employee's paycheck and paid to an ERISA qualified plan or amounts deducted from a debtor's paycheck for repayment of a loan from such a retirement account. Furthermore, the Debtor asserts that "special circumstances" within the meaning of section 707(b)(2)(B)(i) exist which support an adjustment to his income.

It is the position of the UST that once the presumption of abuse arises from the calculations embodied in Form B22A, the Debtor's case should be dismissed. The UST urges that, in circumstances such as this, where there is no purpose served by the Debtor converting to or refiling a Chapter 13 case, the intent of Congress, in engrafting the means test into section 707(b), was simply to deny Title 11 relief altogether.

■■■ This Court is required to interpret the new provisions of section 707(b) in order to address the UST's Motion to Dismiss and the Debtors' defenses to it. "The task of resolving the dispute over the meaning of (a statutory provision) begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) citing *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). In a case where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.* citing *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

Section 707(b), as amended by BAPCPA, provides:

(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee ... or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter....

(2)(A)(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse

---

1. The Joint Stipulation is not explicit that the contributions and loan repayments are to an "ERISA qualified plan." Because the parties agree in the Joint Stipulation that such contributions and loan repayments are excepted from disposable income in Chapter 13, they so stipulate by inference. The Court will presume, therefore, that the contributions and loan repayments that are at issue are to an ERISA qualified plan.

2. Section 1322(f) provides: "A plan may not materially alter the terms of a loan described in section 362(b)(19) and any amounts required to repay such loans shall not constitute 'disposable income' under section 1325."

exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii),[3] (iii),[4] and (iv),[5] and multiplied by 60 is not less than the lesser of—

(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or

(II) $10,000.

In addition to overhauling section 707(b) as part of BAPCPA, Congress added protections for payroll deductions for contributions to ERISA qualified retirement plans and loan repayments to such plans. Section 541(b)(7)(A)[6] excludes from property of the estate contributions deducted

3. (ii)(I) The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise included as a dependent. Such expenses shall include reasonably necessary health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor. Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts. In addition, the debtor's monthly expenses shall include the debtor's reasonably necessary expenses incurred to maintain the safety of the debtor and family of the debtor from family violence.... In addition, if it is demonstrated that it is reasonable and necessary, the debtor's monthly expenses may also include an additional allowance for food and clothing of up to 5 percent of the food and clothing categories as specified by the National Standards issued by the Internal Revenue Service.

(II) In addition, the debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disabled household member or member of debtor's immediate family ... and who is unable to pay for such reasonable and necessary expenses.

(III) In addition, for a debtor eligible for chapter 13, the debtor's monthly expenses may include the actual administrative expenses of administering a chapter 13 plan for the district in which the debtor resides, up to 10 percent of the projected plan payments, as determined under schedules issued by the Executive Office for United States Trustees.

(IV) In addition, the debtor's monthly expenses may include the actual expenses for each dependent child less than 18 years of age, not to exceed $1,500 per year per child, to attend a private or public elementary or secondary school ...

(V) In addition, the debtor's monthly expenses may include an allowance for housing and utilities, in excess of the allowance specified by the Local Standards for housing and utilities issued by the Internal Revenue Service, based upon the actual expenses for home energy costs ...

4. (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of—

(I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and

(II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;

divided by 60.

5. (iv) The debtor's expenses for payment of all priority claims (including priority child support and alimony claims) shall be calculated as the total amount of debts entitled to priority, divided by 60.

6. The pertinent provisions of section 541(b)(7)(A) read as follows:

(b) Property of the estate does not include—

...

(7) any amount—

from a paycheck to be made to an ERISA qualified plan. Section 362(b)(19)[7] creates an exception to the section 362(a) automatic stay for automatic payroll deductions for loan repayments to an ERISA qualified retirement plan. Finally, as Debtor notes, section 1322(f) excludes from the definition of "disposable income" in section 1325 amounts deducted from an employee's paycheck and paid to an ERISA qualified plan or amounts deducted from a debtor's paycheck for repayment of a loan from such a retirement account.

The forms, Form B22A and Form B22C, are the practical means for making the difficult and cumbersome calculations written into sections 707(b)(1) and 1325. Form B22A is used in Chapter 7 to assist in determining whether the presumption of abuse arises by a debtor's filing of Chapter 7. Form B22C is its chapter 13 counterpart used to calculate current monthly income, the length of time a debtor must commit to paying "disposable income" into his Chapter 13 plan ("the applicable commitment period" of section 1325(b)(4)), and for de-

termining what is debtor's "disposable income."

Form B22A, for use in Chapter 7, does not include a line item as either an expense or other adjustment to income for repayment of a 401(k) loan or contribution to such a plan.[8] Form B22C, for use in Chapter 13, does, however, include a line item deduction at Line 55 for "Qualified retirement deductions" referred to in section 1322(f). That amount, in addition to the total deductions allowed under section 707(b) and support income, is deducted from "Total current monthly income" to arrive at debtor's "disposable income" under section 1325(b)(2).

In this Chapter 7 case, the absence of a deduction or other adjustment to current monthly income for 401(k) contributions or loan repayments leads to a presumption of abuse. On that basis the UST argues for dismissal of Debtors' case.

■ Having considered the statutory scheme, and the intent of Congress to encourage repayment of debt through a Chapter 11 or 13 in its revisions to BAPCPA and section 707(b) of the Code,[9] this

---

(A) withheld by an employer from the wages of employees for payment as contributions—
(i)to—
(I) an employee benefit plan that is subject to title I of . . . (ERISA)
. . .
(II) a deferred compensation plan . . .
(III) a tax-deferred annuity . . .
*except that such amount under this subparagraph shall not constitute disposable income, as defined in section 1325(b)(2)* (emphasis added).

7. Section 362(b)(19) excepts from the automatic stay of section 362(a):

withholding of income from a debtor's wages and collection of amount withheld, under the debtor's agreement authorizing that withholding and collection for the benefit of a pension, . . . or other plan . . . that is sponsored by the employer of the debtor
. . .

(A) to the extent that the amounts withheld and collected are used solely for payments relating to a loan from a plan under (ERISA) . . .; or
(B) a loan from a thrift savings plan . . .

8. Form B22A at Line 26 includes: "Other Necessary Expenses: mandatory payroll deductions" which includes "payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as non-mandatory 401(k) contributions." In this case, the Stipulated Form B22A attached to the Joint Stipulation does not include the retirement contributions or loan repayments on Line 26. Thus, this Court infers that the 401(k) contributions are not mandatory for these debtors.

9. Historically, the intent of Congress behind 707(b) has been to require a debtor who has the ability to repay something to unsecured

Court finds and concludes that dismissal is not the necessary conclusion even if the presumption of abuse applies. The clear language of section 707(b) is:

> After notice and a hearing, the court, ... *may* dismiss a case filed by an individual debtor under this chapter ... or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

The UST's reading of the statute suggests there are only two options for the Court if the presumption of abuse arises and is not rebutted: dismiss or, if the debtor consents, convert. Here the Debtor has not consented to conversion to Chapter 13 for various reasons and, the UST argues, has not rebutted the presumption of abuse. The UST's urges the Court to read the statute as leaving the Court with one option: dismiss the case. Yet the language of the section 707(b)(1) itself is permissive. The court *may* dismiss or convert. It does not say *shall* dismiss or convert. When Congress intended to use "shall," it does. In fact, Congress used "shall" twice in its amendments to 707(b)(2)(a)(I)[10] and 707(b)(3).[11]

To reach the conclusion urged by the UST, and read the *"may"* in section 707(b)(1) as *"shall,"* would be to disregard the mandate of United States Supreme Court in *Ron Pair*. When the language of a statute is plain, the job of the court is to enforce it according to its terms. *Ron Pair*, 489 U.S. at 241, 109 S.Ct. at 1030. Furthermore, such a strict application *un-*

creditors from post-petition disposable income, to convert his case to Chapter 13 rather than simply receiving a Chapter 7 discharge. The Senate Report from the Bankruptcy Amendments Act of 1984 is enlightening:

> This provision represents a balancing of two interests. It preserves the fundamental concept embodied in our bankruptcy laws that debtors who cannot meet debts as they come due should be able to relinquish non-exempt property in exchange for a fresh start. At the same time, however, it upholds creditors' interests in obtaining repayment where such repayment would not be a burden.... [I]f a debtor can meet his debts without difficulty as they come due, use of Chapter 7 would represent a substantial abuse. S.Rep. No. 65, 98th Cong, 1st Sess. 43 (1983), *reprinted in Norton Bankr. Law and Prac.2d, Bankruptcy Code* at 946 (2006–2007).

BAPCPA revised 707(b) to make the entitlement to a discharge "needs based" using the "means test." See H.R.Rep. No. 31, 109th Cong., 1st Sess. 102 (2005) reprinted in *Norton Bankr.Law and Prac.2d, Bankruptcy Code* at 949 (2006–2007). BAPCPA also:

(1) expands the scope of who can bring an action to dismiss under section 707(b)(1) to include the trustee and a party in interest, not just the court or United States Trustee. *Id.;*

(2) changes the standard from "substantial abuse" to "abuse." *Id.* at 950; and

(3) "replaces the presumption in favor of granting relief requested by a debtor with a presumption of abuse ..." under certain circumstances, but provides a mechanism to rebut that presumption if the debtor demonstrates special circumstances. *Id.* at 951.

10. The pertinent provision of section 707(b)(2)(A)(i) provides: "In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court *shall* presume abuse exists if...."

11. Section 707(b)(3), also added by BAPCPA, provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption ... (of abuse) does not arise or is rebutted, the court *shall* consider—
> (A) whether the debtor filed his petition in bad faith; or
> (B) the totality of the circumstances ... of the debtor's financial situation demonstrates abuse.

*der the facts of this case* [12] would lead to an absurd result. If the Court were to dismiss the case pursuant to section 707(b), the Debtor could refile his case under Chapter 13 [13] and unsecured creditors would be paid nothing based upon provisions of sections 1322(f) and 1325 and the deference accorded by Congress to 401(k) contributions and loan repayments. Alternatively, if the Court were to convert the case to Chapter 13, "with the Debtor's consent," the same result would obtain. If part of the intent of Congress in tying Chapter 7 relief to a means test, was to require a debtor to repay his creditors if he is able to,[14] then it would be nonsensical that the very payments or expenses which tip the calculation so as to create the presumption of abuse, an indication of an ability to repay, are the same payments or expenses that are excepted from "disposable income" in a Chapter 13.

The UST argues that Debtor has made no showing of "special circumstances" of the kind required by the statute. Based upon the foregoing conclusion, this Court need not address whether "special circum-

stances" exist which justify additional expenses or adjustments to income.

Accordingly, it is

ORDERED that the United States Trustee's Motion to Dismiss is DENIED.

**12.** This Court does not read the "may" so as to afford a court *carte blanche* discretion to ignore the presumption of abuse and write section 707(b)(2)(A) out of the Code. Rather, the Court reads it as affording the court discretion in a case such as this, where other provisions of the same statute create an inconsistency leading to an absurd result.

**13.** In fact, by eliminating the deterrents to refiling codified by BAPCPA in the amendments to section 362(c), Congress encourages consumer debtors whose cases are dismissed under section 707(b) to refile a case and repay their debts through a chapter 13 or 11 plan. Section 362(c) governs how long the stay of section 362(a) is in effect. As part of BAPCPA, Congress amended section 362(c) so as to discourage multiple filings by the same debtor(s). As a general matter, BAPCPA provides that the section 362(a) stay terminates if a case was pending but dismissed within a year prior to filing of a later case. See 11

U.S.C. § 362(c)(3). If a consumer debtor has had two or more prior cases which were dismissed within the year preceding the filing of a new case, then the stay of section 362(a) does not "take effect" on the filing of the later case. See 11 U.S.C. § 362(c)(4). Congress excepts from its "definition" of prior dismissed cases, however, "a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)." Thus, a consumer debtor whose case has been dismissed under section 707(b), is not penalized by either section 362(c)(3) or (4) when he refiles a case under chapter 11 or 13.

**14.** This conclusion is bolstered further by the fact that when performing the means test calculation to determine what is monthly disposable income under section 707(b), a permissible deduction for a debtor eligible to be a chapter 13 debtor is Chapter 13 administrative expenses. See 11 U.S.C. § 707(b)(2)(A)(ii)(III).